James Hawkins, SBN 192925
james@jameshawkinsaplc.com
Gregory Mauro SBN 222239
greg@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA. 92618
Tel: 949-387-7200

Kevin J. Stoops (*admitted pro hac vice*)
kstoops@sommerspc.com
Charles R. Ash IV (*admitted pro hac vice*)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300

*Counsel for Plaintiffs and FLSA Collective Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MONIQUE DUDLEY, and NOREEN COSTA, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br>TRUE COVERAGE, L.L.C., as<br><br>Defendant. | Case No.:  2:18-cv-03760-PA-AGR<br><br>NOTICE OF MOTION AND PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE SETTLEMENT, NAMED PLAINTIFF INCENTIVE AWARDS, AND ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT OF MOTION<br>Date: March 25, 2019<br>Time: 1:30 p.m.<br>Courtroom:  9A |

# **NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 25, 2019, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 9A of this Court, located on the 9th Floor at 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs Monique Dudley and Noreen Costa, will, and hereby do, move this Court for approval of their Settlement Agreement and General Release (the "Settlement Agreement" attached as Exh. A), with Defendant TrueCoverage LLC ("Defendant"), including payments to the Named Plaintiffs and FLSA opt-in Plaintiffs (hereinafter the "Collective Members") according to the distribution plan set forth in the Settlement Agreement, Incentive Awards to the Named Plaintiffs, and attorneys' fees and cost payments to Plaintiffs' Counsel.

This motion is made on the grounds that the Settlement is the product of arms-length, good-faith negotiations; is fair, reasonable, and adequate to the Collective Members; and should be granted approval, as discussed in the attached memorandum.

The motion is based on this notice, the following memorandum in support of the motion, the Declaration of Kevin J. Stoops ("Stoops Decl." attached as Exh. B); the Court's record of this action; all matters of which the Court may take notice; and oral and documentary evidence presented at the hearing on the motion.

This motion is unopposed by Defendant.

1

2  Dated:  February 15, 2019

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _/s/ Kevin J. Stoops____
Kevin J. Stoops (admitted *pro hac vice*)
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
Facsimile:  (248) 436-8453
E-mail: kstoops@sommerspc.com

*Attorney for Named Plaintiffs and
Collective Members*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION ................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 2

    A.    THE PARTIES ..................................................................................... 2

        1.    Defendant .................................................................................. 2

        2.    Named and Opt-in Plaintiffs ..................................................... 2

    B.    PROCEDURAL BACKGROUND ........................................................ 3

    C.    SETTLEMENT NEGOTIATIONS AND DAMAGE ANALYSIS .................................................................................. 5

SUMMARY OF SETTLEMENT TERMS ............................................................ 5

    A.    THE SETTLEMENT FUND .............................................................. 5

    B.    COLLECTIVE MEMBERS ................................................................ 6

    C.    RELEASE ........................................................................................... 7

    D.    ALLOCATION FORMULA ............................................................... 7

    E.    INCENTIVE AWARDS ..................................................................... 8

    F.    ATTORNEYS' FEES AND LITIGATION COSTS .......................... 8

ARGUMENT ........................................................................................................ 9

I.    LEGAL STANDARD ................................................................................. 9

II.    THE SETTLEMENT CONSTITUTES A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE .............. 12

    A.    A Bona Fide Dispute Existed Between the Parties Regarding the Merits of Their Claims and Defenses ......................................... 12

    B.    The Settlement is the Result Of Arms'-Length Negotiations .......... 13

    C.    The Proposed Settlement is Fair and Reasonable ........................... 13

    D.    The Settlement's Named Plaintiff Incentive Awards are Fair

i

and Reasonable ................................................................. 14

E.    The Settlement's Proposed Allocation for Plaintiffs' Counsel

Attorneys' Fees is Reasonable ........................................ 15

F.    Plaintiffs' Counsel's Litigation Costs are Reasonable and

Were Necessarily Incurred to Prosecute this Matter ........................ 18

CONCLUSION.......................................................................... 19

ii

# **TABLE OF AUTHORITIES**

**Cases**

*Alvarez v. Farmers Ins. Exch.*, No. 14 Civ. 00574, 2017 WL 2214585
(N.D. Cal. Jan. 18, 2017) ...................................................................................17

*Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, 11 Civ. 1281, 11 Civ. 1282,
11 Civ. 1283, 11 Civ. 1284, and 11 Civ. 1285, 2012 WL 3060470 (D.
Conn. July 26, 2012) ..........................................................................................10

*Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728 (1981)...............9

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013)...............................11

*Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL
3778211 (D. Conn. July 31, 2014)......................................................................10

*Buccellato v. AT&T Operations, Inc.*, No. 10 Civ. 00465, 2011 WL
3348055 (N.D. Cal. June 30, 2011) ...................................................................14

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ........................16

*Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL
1424417 (S.D. Ind. Apr. 24, 2012) .....................................................................10

*Casey v. City of Cabool*, 12 F.3d 799 (8th Cir. 1993)..........................................15

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) ...............................................12

*Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473 (D. Conn. May 23,
2013).....................................................................................................................10

*Dudum v. Carter's Retail, Inc.*, No. 14 Civ. 00988, 2016 WL 7033750
(N.D. Cal. Dec. 2, 2016) .....................................................................................17

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012)...............16

*Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994)..................................................15

*Galeener v. Source Refrigeration & HVAC, Inc.*, 2015 WL 12976106,
(N.D. Cal. 2015)..................................................................................................14

*Genesis Healthcare Corp. v. Symczyk*, 133 U.S. 66 (2013) .................................10

*Glass v. UBS Fin. Servs., Inc.*, No. 06 Civ. 4068, 2007 WL 221862 (N.D.
Cal. Jan. 26, 2007)..............................................................................................15

*Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013).............................17

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .................................11

iii

*In re Animation Workers Antitrust Litig.*, No. 14 Civ. 4062, 2016 WL 6663005 (N.D. Cal. Nov. 11, 2016) ................................................................ 18

*In re Media Vision*, 913 F. Supp at 1366; *cf. In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007) .......................................... 18

*In re Optical Disk Drive Prods., Antitrust Litig.*, No. 10 MD 2143, 2016 WL 7364803 (N.D. Cal. Dec. 19, 2016) ........................................................ 18

*Johnston v. Spacefone Corp.*, 706 F.2d 1178 (11th Cir.1983) ............................. 16

*Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) .......................................................................... 9, 10

*Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196 (N.D. Ill. Sept. 16, 2016) .......................................................... 10

*Lee v. The Timberland Co.*, No. 07 Civ. 2367, 2008 WL 2492295 (N.D. Cal. June 19, 2008) ............................................................................... 9

*Lewis v. Wells Fargo & Co.*, No. 08 Civ. 2670 (N.D. Cal Apr. 29, 2011) ............ 14

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ........... 9

*McKeen—Chaplin v. Franklin Am.Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, 2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) .................................. 11

*McKenna v. Champion Int'l Corp.*, 747 F.2d 1211 (8th Cir. 1984) ..................... 11

*Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959) ............................................................................. 16

*Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) .................................. 11

*O'Connor v. Oakhurst Dairy*, 2015 WL 2452678 (D. Maine 2015)…..... ............ 10

*Odil v. Evans*, 2005 WL 3591962 (M.D. Ga. 2005) .......................................... 16

*Otey v. CrowdFlower, Inc.*, No. 12 Civ. 05524, 2015 WL 4076620 (N.D. Cal. July 2, 2015) .............................................................................. 9, 14

*Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010) ................................................... 15

*Root v. Ames Dep't Stores, Inc.*, 989 F. Supp. 274 (D. Mass. 1997) .................... 10

*Ross v. U.S. Bank Nat'l Ass'n*, No. 07 Civ. 2951, 2010 WL 3833922 (N.D. Cal. Sept. 29, 2010) .......................................................................... 14

*Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164 (S.D. Cal. 2016) ........................................................................................................ 10

*Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927 (D. Md. Jan.

iv

13, 2012) ................................................................................................ 16

*Stevens v. Safeway Inc.*, No. 05 Civ. 01988, 2008 U.S. Dist. LEXIS
    17119 (C.D. Cal. Feb. 25, 2008) ...................................................... 9

*Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249 (D. Nev. 2014)
    (*aff'd* 2016 U.S. App. LEXIS 13521 (9th Cir. July 25, 2016) ............ 16

*Trinh v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 16477, 2009
    WL 532556 (S.D. Cal. Mar. 3, 2009) .............................................. 11

*Vedachalam v. Tata Consultancy Servs.*, No. 06 Civ. 0963, 2013 WL
    3929129 (N.D. Cal. July 18, 2013) ................................................. 14

*Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578 (7th Cir. 1982) ..................... 11

*Yue Zhou v. Wang's Rest.*, No. 05 Civ. 0279, 2007 WL 172308 (N.D.
    Cal. Jan. 17, 2007) ........................................................................... 10

**Statutes**

29 U.S.C. § 201 ..................................................................................... 3

29 U.S.C. § 216(b) ............................................................. 10, 11, 12, 15

**Other Authorities**

Business and Professions Code § 17200 .............................................. 4

California Labor Code § 221 ................................................................. 3

California Labor Code § 223 ................................................................. 3

California Labor Code § 226 ................................................................. 3

California Labor Code § 226.2 .............................................................. 3

California Labor Code § 226.7 .............................................................. 3

California Labor Code § 510 ................................................................. 3

California Labor Code § 1174 ............................................................... 3

California Labor Code § 1194 ............................................................... 3

California Labor Code § 1197 ............................................................... 3

California Labor Code § 1197.1 ............................................................ 3

California Labor Code § 1198 ............................................................... 3

California Labor Code § 2802 ............................................................... 3

v

William B. Rubenstein, Newberg on Class Actions § 13.44 (5th Ed.) ....................9

**Rules**

Fed. R. Civl. P. 23...............................................................................................4, 11

Fed. R. Civ. P. 23(e) ...............................................................................................9

Local Rule 23-3 ........................................................................................................4

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF FLSA COLLECTIVE SETTLEMENT, NAMED
PLAINTIFF INCENTIVE AWARDS, AND ATTORNEYS'
FEES AND COSTS
CASE NO. 2:18-cv-03760-PA-AGR

# INTRODUCTION

As a result of contested litigation and extensive arm's-length negotiations, Named Plaintiffs Monique Dudley and Noreen Costa, on behalf of themselves and the FLSA opt-in Plaintiffs[1] (hereinafter the "Collective Members"), and Defendant TrueCoverage LLC ("Defendant"), have reached a Settlement of this Fair Labor Standards Act ("FLSA") collective action.  The parties have agreed to settle the FLSA and related California state law wage and hour and other claims of the two Named Plaintiffs and the three opt-in Plaintiffs.  The total settlement amount of $35,000 to resolve the claims of the Collective Members is fair, reasonable, and adequate, and should be approved by the Court.  The Settlement provides substantial monetary relief to the Collective Members, and eliminates the risks inherent in further litigation.

Plaintiffs respectfully request that the Court issue an Court issue an order: (1) approving the $35,000 settlement and distribution plan pursuant to the terms set forth in the Parties' Settlement Agreement and General Release ("Settlement Agreement") (Exh. A); (2) approving Incentive Awards of $1,500 to each of the Named Plaintiffs (Monique Dudley and Noreen Costa); (3) approving attorneys' fees and litigation costs to Plaintiff's Counsel in the amount of $23,113.85; and (4) incorporating the terms of the Settlement Agreement.

---

[1] David Davis, Carlo Peralta and Kenneth Sponcil.

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF FLSA COLLECTIVE SETTLEMENT, NAMED
PLAINTIFF SERVICE PAYMENT, AND ATTORNEYS'
FEES AND COSTS
CASE NO. 2:18-cv-03760-PA-AGR

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    THE PARTIES

#### 1.    Defendant.

Defendant, TrueCoverage, LLC, is a limited liability company incorporated in Delaware; however, Defendant's principle place of business is located in Albuquerque, New Mexico. According to Defendant's website, "TrueCoverage is the Private Health Insurance Marketplace in New Mexico, Texas, Florida and Arizona for individuals & families, and employers to 'Shop, Compare & Enroll' in affordable Health Insurance Plans." *See* https://truecoverage.com/aboutus/ (last visited 5/29/18). Defendant "offer[s] insurance plans from over [a] hundred leading health insurance carriers, and also offer[s] multiple product lines as dental, vision, life, accidental, auto, and property and casualty, both online or by calling *our* licensed agents." *Id*. Defendant's "goal is to make it easier for our customers to understand and work through the complex and difficult health insurance landscape and empower them so that they can confidently shop for the right insurance plans." *Id*. At relevant times, Defendant employed at-home insurance agents ("Agents") in California and beyond.

#### 2.    Named and opt-in Plaintiffs.

Named Plaintiff, Monique Dudley, worked for Defendant as an Agent from her California residence for a total of 8 weeks (from October 2017 through December 2017).

Named Plaintiff, Noreen Costa, worked for Defendant as an Agent from her California residence for a total of 3 weeks (from November 2017 through December 2017).

Opt-in Plaintiff, David Davis, worked for Defendant as an Agent from his California residence for a total of 6 weeks (from October 2017 through December

2

2017).

Opt-in Plaintiff, Carlos Peralta, worked for Defendant as an Agent from his Florida residence for a total of 10 weeks (from November 2016 through January 2017).

Opt-in Plaintiff, Kenneth Sponcil, worked for Defendant as an Agent from his California residence for a total of 8 weeks (from December 2016 through January 2017).

**B.    <u>PROCEDURAL BACKGROUND</u>**

Plaintiffs filed this case on May 4, 2018 asserting the following claims:

- Count I – Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime (Collective Action)

- Count II – Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* – Failure to Pay Minimum Wages (Collective Action)

- Count III – Violation of California Labor Code §§ 510, 1194, 1198 and IWC Wage Order 4 – Failure to Pay Overtime

- Count IV – Violation of California Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Order 4 – Failure to Pay Minimum Wages

- Count V – Violation of California Labor Code §§ 221 and 223 – Unlawful Deductions

- Count VI – Violation of California Labor Code §§ 226 and 1174– Failure to Provide Accurate Wage Statements

- Count VII – Violation of California Labor Code §§ 226.2 and 226.7 – Failure to Permit and Authorize Paid Rest Periods

- Count VIII – Violation of California Labor Code § 2802 – Failure to Indemnify Employees' Expenses and Losses

- Count IX – Violation of Business and Professions Code § 17200, *et seq.*

Plaintiffs' allegations had their genesis in a claim that Defendant improperly classified the Agents as independent contractors and maintained a compensation structure pursuant to which the Agents were not paid: 1) minimum wage; 2) overtime; and 3) for all hours worked. Plaintiffs also alleged that Defendants failed to provide compliant meal periods and rest breaks.

On August 31, 2018, Defendant answered Plaintiff's Complaint. (ECF No. 33). Defendant denied each of Plaintiffs' material allegations, maintaining that conditional certification of the FLSA collective and class certification of the breach of contract claim under Fed. R. Civ. P. 23 was unwarranted, that Plaintiffs and any similarly situated employees were properly paid for all compensable work time under the FLSA and state law, and that Defendant bore no liability to Plaintiff or any similarly situated employees. (*Id.*).

On August 30, 2018, Plaintiffs filed their Motion for Conditional Collective Action Certification of the FLSA overtime claim. (ECF No. 31). Defendant opposed the Motion (ECF No. 35) and also filed a Motion to Strike Plaintiffs' Supplemental Declarations (ECF No. 38).[2] On September 28, 2018 the Court entered and Order denying Defendant's Motion to Strike and granting Plaintiffs' Motion Conditional Certification (ECF No. 41).

In accordance with the Court's Order granting Plaintiffs' Motion for Conditional Certification, Defendant provided Plaintiffs' Counsel with a class list of

---

[2] On September 28, 2018 the Court issued an Order to Show Cause concerning Plaintiffs' failure to move for Rule 23 certification of the California state law claims in accordance with Local Rule 23-3 (ECF No. 42). On October 12, 2018 the Court entered an order dismissing all Rule 23 allegations contained in Plaintiffs' Complaint pursuant to the Parties' Joint Stipulation (ECF No. 44).

the 36 collective members in early October 2018. Plaintiffs' counsel issued notice to the collective members on October 24, 2018 (ECF No. 47). Pursuant to the Court's Order, the opt-in period ended on December 24, 2018 (60 days from notice mailing).

Three opt-in plaintiffs filed their consents to join the action during the opt-in period (David Davis, Carlos Peralta and Kenneth Sponcil) (ECF No. 48, 49 and 50).

## C.   SETTLEMENT NEGOTIATIONS AND DAMAGE ANALYSIS

In August 2018, the Parties began discussing resolution of this matter. To assist said discussions Defendant provided Plaintiffs' Counsel with timekeeping and pay records for each of the individuals who worked for Defendant as an Agent since 2015. Plaintiffs' Counsel then prepared a thorough analysis of the maximum amount of damages (including liquidated damages under the FLSA and damages/penalties under the California Labor Code). Plaintiffs' Counsel provided the damage analysis to Defendant's counsel and the Parties worked diligently over a period of 60 days to reach a global resolution of the case.

The Parties were not able to reach a class wide resolution and, instead, began discussing a framework for resolution of Named Plaintiff and opt-in Plaintiff claims only. On or about October 15, 2018 the Parties reached the Settlement currently before the Court. Thereafter the Parties waited until the close of the opt-in period to determine who would be covered by the Settlement and to draft the corresponding Settlement Agreement.

## SUMMARY OF SETTLEMENT TERMS

## A.   THE SETTLEMENT FUND

The Settlement Agreement establishes a Maximum Gross Settlement Amount of $35,000 from which individual Settlement Payments will be paid to the Collective Members, and from which a $1,500 incentive award will be paid to each Named Plaintiff (Monique Dudley and Noreen Costa), and attorneys' fees and litigation

5

costs in the amount of $23,113.85 will be paid to Plaintiff's Counsel. (Exh. A at pp. 2-3).

**B.    <u>COLLECTIVE MEMBERS</u>**

Collective Members who will receive a settlement payment from the Settlement include the Named Plaintiffs and all individuals who filed with the Court timely written consents to join the litigation. These individuals, listed on page 1 of the Settlement Agreement, will receive the following amounts for damage payments:

| | |
|---|---|
| Noreen Costa | $918.75 |
| Monique Dudley | $2,321.12 |
| David Davis | $1,929.69 |
| Carlo Peralta | $341.19 |
| Kenneth Sponcil | $3,375.40 |

Each of the Named and opt-in Plaintiffs have been provided a copy of the Settlement Agreement and have executed it, thereby agreeing to its terms including the above listed individual damage payments. (Exh. A at p. 6).

Defendant shall be responsible for making all payments under the Settlement Agreement within ten business days of this Court's approval of the Settlement. (*Id.* at p. 2).  Collective Members will have 180 calendar days after the initial issuance of their settlement check to sign and cash the settlement check. (*Id.* at p. 3). Any uncashed Settlement Checks or other residual funds will be paid to the California Unpaid Wage Fund. (*Id.*).

Plaintiff's Counsel has notified the Collective Members of the material terms of the settlement including: gross settlement amount ($35,000); Named Plaintiff Incentive Awards ($1,500 each); requested attorneys' fees and litigation cost ($23,113.85); allocation formula; terms of release; date and time of approval hearing; and contact information for Plaintiff's Counsel should the Collective

Member(s) have questions or concerns. (Exh. B, Stoops Decl. at ¶ 23). To date no Collective Member has voiced any concern with the Settlement or its terms and each Collective Member has signed the Settlement Agreement. (*Id.*).

**C.    <u>RELEASE</u>**

Under the Settlement Agreement, the Collective Members will release Defendant from:

> [A]ny and all currently pending claims, causes of actions, demands, debts, obligations, damages or liability and all of the same which could have been brought, regarding any violations alleged in the Lawsuit, including but not limited to allegedly unpaid wages, including those claims, causes of action, demands, debts, obligations, damages or liability arising under the FLSA, 29 U.S.C. §§ 201 et seq., and state wage payment acts, arising from or related to Plaintiffs' services for Defendant.

(Exh. A at p. 4).

**D.    <u>ALLOCATION FORMULA</u>**

Utilizing the data and pay records provided by Defendant, Plaintiffs' Counsel was able to determine the exact amount of damages owed to each Named and opt-in Plaintiff for the following damage categories: 1) unpaid overtime; 2) liquidated damages associated with the overtime hours; 3) unpaid straight time hours; and, 4) California Labor Code penalties/damages. (Exh. B, Stoops Decl. at ¶ 21).

To do so Plaintiffs' Counsel reviewed time and pay records for each of the Collective Members to determine: 1) the number of weeks they worked; 2) the number of hours worked during each day/week; 3) the regular hourly rate each Collective member should have been paid; 4) the amount of daily and/or weekly overtime owed to each Collective Member, if any; 5) the amount of straight time wages owed to each Collective Member, if any; and, 6) the amount of California Labor Code penalties/damages owed to each Collective Member, if any. (*Id.*). This

7

analysis resulted in the following damage determinations:

| Name | Reg. Rate | OT[3] Rate | OT Hours | OT Damages[4] | ST[5] Damages | Cal Labor[6] | Total |
|---|---|---|---|---|---|---|---|
| Costa | $37.46 | $56.19 | 0.0 | $0.00 | $168.75 | $750.00 | $918.75 |
| Davis | $16.47 | $24.70 | 17.1 | $281.46 | $148.23 | $1,500.00 | $1,929.69 |
| Dudley | $26.76 | $40.14 | 0.0 | $0.00 | $321.12 | $2,000.00 | $2,321.12 |
| Peralta | $25.33 | $37.99 | 0.0 | $0.00 | $341.19 | $0.00 | $341.19 |
| Sponcil | $26.25 | $39.37 | 31.5 | $826.56 | $314.96 | $2,000.00 | $3,141.52 |

Under the Settlement, each of the Collective Members is receiving the above specified amounts which equate to the full measure of damages they are entitled to in connection with the claims asserted in the litigation. (*Id.* at ¶ 22).

## E. INCENTIVE AWARDS

The Settlement Agreement provides that, subject to Court approval, Named Plaintiffs Monique Dudley and Noreen Costa will each receive a $1,500 Service Payment "in recognition of the work and services that said individual contributed to the case including, but not limited to, investigative work, meetings with Plaintiffs' Counsel, assumption of risks, serving as class representative ...." Exh. A. at p. 3).

## F. ATTORNEYS' FEES AND LITIGATION COSTS

Under the Settlement Agreement, subject to Court approval, Plaintiffs' Counsel will receive $23,113.85 for attorneys' fees and reimbursement of litigation expenses. (Exh. A at p. 3).

---

[3] Overtime.

[4] Including liquidation under FLSA.

[5] Straight time.

[6] Assessed at a rate of $250 per week for each week worked.

8

# ARGUMENT

## I.    LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 740 (1981).  An employee's right to fair payment "cannot be abridged by contract or otherwise waived." *Otey v. CrowdFlower, Inc.*, No. 12 Civ. 05524, 2015 WL 4076620, at *3 (N.D. Cal. July 2, 2015) (citing *Barrentine*, 450 U.S. at 740).  Thus, FLSA collective action settlements require the supervision of either the Secretary of Labor or the district court.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).

The Ninth Circuit has identified criteria courts must consider in determining whether to approve a FLSA settlement.  *Otey*, 2015 WL 6091741, at *4.  If a proposed collective action settlement "reflect[s] a reasonable compromise over contested issues," it should be approved.[7] *Lee v. The Timberland Co.*, No. 07 Civ. 2367, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008); William B. Rubenstein, Newberg on Class Actions § 13.44 (5th Ed.) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Khait*, 2010 WL 2025106, at *7.

---

[7]  Approval of an FLSA collective action settlement does not require the full Rule 23 settlement analysis, because an FLSA settlement "does not implicate the same due process concerns as does a Rule 23 settlement." *See, e.g., Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010); *but see Stevens v. Safeway Inc.*, No. 05 Civ. 01988, 2008 U.S. Dist. LEXIS 17119, at *13 (C.D. Cal. Feb. 25, 2008) ("[FLSA] standard is similar to that used in evaluating settlements under Rule 23(e) of the Federal Rules of Civil Procedure.").

9

Throughout the country, a one-step approval process, rather than the two-step process for settlement approval of class actions, is appropriate in FLSA settlements that do not include classes under Federal Rule of Civil Procedure 23. *See, e.g.*, *Yue Zhou v. Wang's Rest.*, No. 05 Civ. 0279, 2007 WL 172308, at *1-3 (N.D. Cal. Jan. 17, 2007) (endorsing one-step process for approval of FLSA collective action settlement).[8] This is because collective actions under Section 216(b) of the FLSA ("Section 216(b)"), 29 U.S.C. § 216(b), do not implicate the same due process concerns as Rule 23 class actions. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment, meaning that "the due process implications of a lack of formal notification post-settlement are less worrisome." *Id.*; *O'Connor v. Oakhurst Dairy*, 2015 WL 2452678, at *4 (D. Maine 2015) ("[W]ith an opt-in collective action, only individuals who affirmatively chose to join the litigation will be bound by its outcome."); *see also Genesis Healthcare Corp. v. Symczyk*, 133 U.S. 66, 74 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA[.]").

Under the FLSA, "parties may elect to opt in but a failure to do so does not

---

[8] *See also Root v. Ames Dep't Stores, Inc.*, 989 F. Supp. 274, 274 (D. Mass. 1997) (noting that FLSA-only settlement did not deprive those who elected not to opt in of any cause of action); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) (approving one-step settlement approval process for FLSA collective action); *Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211, at *2-3 (D. Conn. July 31, 2014) (same); *Dixon v. Zabka*, No. 11 Civ. 982, 2013 WL 2391473, at *1-2 (D. Conn. May 23, 2013) (same); *Campbell v. Advantage Sales & Mktg. LLC*, No. 09 Civ. 1430, 2012 WL 1424417, at *1-2 (S.D. Ind. Apr. 24, 2012) (same); *Aros v. United Rentals, Inc.*, Nos. 10 Civ. 73, 11 Civ. 1281, 11 Civ. 1282, 11 Civ. 1283, 11 Civ. 1284, and 11 Civ. 1285, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012) (same).

10

prevent them from bringing their own suits at a later date." *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). Accordingly, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g.*, *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("[T]he standard for approval of an FLSA settlement is lower than for a class action under Rule 23."); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class actions that are not present in collective actions brought under Section 216(b)).

Thus, the approval of settlements of FLSA claims is a separate, but related, analysis from the approval of settlements of class action claims. While § 216(b) authorizes collective actions, the FLSA does not expressly set forth criteria for courts to consider in determining whether a FLSA settlement should be approved, nor has the Ninth Circuit established any particular criteria. District courts within this circuit, however, have looked to the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g., McKeen—Chaplin v. Franklin Am.Mortg. Co.,* 2012 U.S. Dist. LEXIS 179635, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012); *Trinh v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 16477, 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009).

Under *Lynn's Food*, settlement of FLSA claims may be allowed by "a stipulated judgment entered by a court which has determined that a *settlement* proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Nall v. Mal-Motels,*

*Inc.,* 723 F.3d 1304, 1307 (11th Cir. 2013) (reaffirming holding of *Lynn's Food* as to a district court's approval of stipulated judgment to settle FLSA claims). "In those lawsuits, the parties may 'present to the district court a proposed *settlement*' and 'the district court may enter a stipulated judgment after scrutinizing the *settlement* for fairness.'" *Nall,* 723 F.3d at 1306 (quoting *Lynn's Food,* 679 F.2d at 1353); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946).

## II.    THE SETTLEMENT CONSTITUTES A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

### A.    A Bona Fide Dispute Existed Between the Parties Regarding the Merits of Their Claims and Defenses.

The proposed Settlement brings to an end vigorously contested litigation. During the litigation, the Parties have contested: (1) the scope of Plaintiffs' claims asserted in their Complaint; and, (2) whether the FLSA class should be conditionally certified under Section 216(b); and (3) the whether the Collective Members performed compensable off-the-clock work.  (Exh. B, Stoops Decl. at ¶ 19).

The Parties also contested the central question of whether Defendant properly classified the Collective Members as independent contractors. (*Id.*).   Plaintiffs' Counsel conducted numerous interviews with the Named Plaintiffs and reviewed countless documents (including e-mails) provided by the Named Plaintiffs. (*Id.* at ¶ 13). Further, Plaintiffs' Counsel reviewed extensive pay and time-keeping records, and took part in multiple telephonic conferences with Defendants' counsel. (*Id.*). Additionally, the Named Plaintiffs provided declarations in support of their Motion for Conditional Certification.

During the litigation and negotiations, Defendant strenuously maintained that Plaintiffs' claims should fail because, among other things: 1) the Collective Members were not improperly characterized as independent contractors; 2) the Collective Members could not proceed as a "collective" because they are not

1  similarly situated and suffer individualized issues; 3) Defendant did not maintain a
2  uniform policy pursuant to which it failed to compensate the Collective Members
3  for compensable off-the-clock work; and, 4) Defendant compensated the Collective
4  Members for all work performed. (*Id.* at ¶ 19). In addition to disputing liability and
5  class treatment, the Parties contested the measure of damages and the appropriate
6  method for calculating back pay awards. (*Id.*).

7  **B.    The Settlement Is the Result Of Arms'-Length Negotiations.**

8  The proposed Settlement was the result of extensive pre-suit investigation,
9  review of formal and informal discovery, and substantial arm's-length negotiations
10  between counsel. (Exh. B, Stoops Decl. at ¶¶ 20, 23-24). Those negotiations were
11  conducted at arm's length by counsel highly experienced in litigating wage and hour
12  and misclassification cases both in California and nationally. (*Id.*). Recognizing the
13  uncertain legal and factual issues involved, the Parties reached the settlement
14  pending before the Court after preparing a detailed damage analysis, and negotiating
15  for several months. (*Id.*).

16  **C.    The Proposed Settlement Is Fair and Reasonable.**

17  The proposed payment of $35,000 under the Settlement is fair and
18  reasonable.  The Settlement provides substantial relief to the Collective Members
19  and eliminates the inherent risk of continued litigation.  Under the Settlement, each
20  of the Collective Members is receiving their full measure of damages for off-the-
21  clock work, overtime, straight time, liquidated damages, and California Labor Code
22  penalties/damages. (Exh. B, Stoops Decl. at ¶¶ 21-23). Each Collective Member's
23  recovery is specifically tailored to their regular hourly rate, the number of weeks
24  they worked, and the number of hours they worked. (*Id.*).

25  Needless to say, the Settlement is substantial, completely reasonable, and
26  marks a fair compromise of the claims. Furthermore, the Settlement "provides

27

28

13

immediate relief to Collective Members, and avoids the substantial risk of continued litigation on the merits, which may take several years." *Otey*, 2015 WL 4076620, at *4.

### D.   The Settlement's Named Plaintiff Incentive Awards are Fair and Reasonable.

The Settlement provides for an Incentive Award of $1,500 to each of the Named Plaintiffs in recognition for the time they spent, the risks they incurred, and the results they obtained on behalf of the Collective Members.  The Named Plaintiffs worked diligently to assist Plaintiffs' Counsel in their activities during the pendency of this litigation. (Exh. B, Stoops Decl. at ¶¶ 21, 22, 25). In particular, the Named Plaintiffs took part in multiple interviews and discussions with Plaintiffs' Counsel and provided Plaintiffs' Counsel with a substantial number of documents and valuable information and analysis. (*Id.* at ¶ 34). In total, it is estimated that the Named Plaintiffs each spent approximately 15 to 25 hours in connection with this litigation. (*Id.*).

The Incentive Awards contemplated by the Settlement is consistent with – indeed, well below – the amount of awards given in comparable cases.  *See, e.g., Galeener v. Source Refrigeration & HVAC, Inc.*, 2015 WL 12976106, at *3 (N.D. Cal. 2015) ($27,000 and $25,000 to two class representatives) (Chhabria, J.); *Vedachalam v. Tata Consultancy Servs.*, No. 06 Civ. 0963, 2013 WL 3929129, at *2 (N.D. Cal. July 18, 2013) (Wilken, J.) ($35,000 and $25,000 to class representatives); *Buccellato v. AT&T Operations, Inc.*, No. 10 Civ. 00465, 2011 WL 3348055, at *3 (N.D. Cal. June 30, 2011) (Koh, J.) ($20,000 to lead plaintiff); *Lewis v. Wells Fargo & Co.*, No. 08 Civ. 2670, slip op. at 4 (N.D. Cal Apr. 29, 2011), ECF No. 315 (Wilken, J.) ($22,000 and $20,000 for named plaintiffs); *Ross v. U.S. Bank Nat'l Ass'n*, No. 07 Civ. 2951, 2010 WL 3833922, at *4 (N.D. Cal. Sept. 29, 2010) (Illston, J.) ($20,000 service award for each of four class representatives); *Glass v.*

1    *UBS Fin. Servs., Inc.*, No. 06 Civ. 4068, 2007 WL 221862, at *16-17 (N.D. Cal. Jan.

2    26, 2007) (Chesney, J.) ($25,000 to each of four class representatives).

3        **E.    The Settlement's Proposed Allocation for Plaintiffs' Counsel**

4            **Attorneys' Fees is Reasonable.**

5        Section 216(b) of the FLSA provides that "[t]he court in such action shall, in

6    addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

7    attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. §

8    216(b).  An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the

9    FLSA is mandatory, but the amount of the award is within the discretion of the judge.

10   *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

11       Congress enacted fee-shifting statutes in order to ensure that federal rights are

12   adequately enforced.  Under a fee-shifting statute, "a 'reasonable' fee is a fee that is

13   sufficient to induce a capable attorney to undertake the representation of a

14   meritorious" action to vindicate the rights protected under the statute. *Perdue v.*

15   *Kenny A.*, 130 S. Ct. 1662, 1672 (2010). "Fee awards must be structured so that

16   attorneys of quality and experience with other profitable demands upon their time

17   will not need to sacrifice income available in alternative enterprises in order to effect

18   a public policy intended to protect all citizens." *Casey v. City of Cabool*, 12 F.3d

19   799, 805 (8th Cir. 1993). The Supreme Court has stated that there is a "strong

20   presumption" that the lodestar figure represents a reasonable attorneys' fee, which

21   may be overcome only "in those rare circumstances in which the lodestar does not

22   adequately take into account a factor that may properly be considered in determining

23   a reasonable fee." *Perdue v. Kenny A. ex rel. Winn,*130 S. Ct. 1662 (2010).

24       Moreover, "[i]n FLSA cases, like other discrimination or civil rights cases,

25   the attorneys' fees need not be proportional to the damages plaintiffs recover,

26   because the award of attorneys' fees in such cases encourages the vindication of

27

28

Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927, *11 (D. Md. Jan. 13, 2012). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp*., 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs*., 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)).  Courts have long recognized that to achieve the remedial goal of the FLSA, attorneys' fees must be awarded.  Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims."  *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005).  The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims.  This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorneys' fees are more than the FLSA claim itself.

Further, attorney's fee awards in FLSA cases are not limited to a percentage of the recovery, as such a limitation would unduly discourage attorneys from bringing matters to vindicate statutory rights under the FLSA. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012). Rather, courts must use the "lodestar method" to assess attorneys' fees in FLSA suits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008); *Tallman v. CPS Sec. (USA), Inc.,* 23 F. Supp. 3d 1249, 1267 (D. Nev. 2014) (*aff'd* 2016 U.S. App. LEXIS 13521 (9th Cir. July 25, 2016). Under the lodestar method, the court must make a two-part determination as to the reasonableness of the fee awards: 1) whether the number of hours expended on the litigation was reasonable; and, 2) what is the reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013); *Tallman*, 23 F. Supp. 3d at 1249.

Here, Plaintiffs' Counsel's attorneys' fees are consistent with the above lodestar approach. The fees and costs incurred are reasonable given the complex legal theories presented in the case and the amount of resources expended to investigate, research, and analyze Plaintiffs' claims. Specifically, Plaintiffs' Counsel has spent extensive time litigating this case, which has entailed: drafting pleadings, drafting motions, analyzing extensive pay and time records, compiling a detailed damage analysis, researching, writing, and more. The activities undertook in litigating this case and reaching the present agreement were necessary and time consuming.

As to the time and labor required for this litigation, attached to this Motion as Exhibit B is the Declaration of Kevin J. Stoops (lead counsel for Plaintiffs) outlining the attorneys' fees and litigation expenses incurred in this action and the reasonableness of said fees and expenses.  At the time this motion was drafted, Plaintiffs' Counsel has expended 197 hours litigating this case and has accumulated a lodestar in the amount of $76,223.00. (Exh. B, Stoops Decl. at ¶ 29).

The Settlement provides for Plaintiffs Counsel's attorneys' fees of $20,918.36 (after deducting the $2,195.49 in litigation costs already incurred) only 27.44% of the $76,223.00 lodestar that they have incurred litigation this action to date. (*Id.* at ¶ 31). The "negative" multiplier here confirms that the requested attorneys' fees are reasonable.  *See e.g., Alvarez v. Farmers Ins. Exch.*, No. 14 Civ. 00574, 2017 WL 2214585, at *5 (N.D. Cal. Jan. 18, 2017) (fee award that was 53% of lodestar was "objectively reasonable under the lodestar method of calculation"); *Dudum v. Carter's Retail, Inc.*, No. 14 Civ. 00988, 2016 WL 7033750, at *7 (N.D. Cal. Dec. 2, 2016) (unusual negative multiplier, 0.87, supports the reasonableness of the fee request); *In re Animation Workers Antitrust Litig.*, No. 14 Civ. 4062, 2016 WL 6663005, at *6 (N.D. Cal. Nov. 11, 2016) (requested fee was substantially below the

17

lodestar and resulted in a multiplier of 0.67, "markedly lower than the range of multipliers accepted by the Ninth Circuit and district courts throughout the country"). As Such, Plaintiffs' Counsel submits that the requested attorneys' fees and costs are more than reasonable and should be approved.

**F.    Plaintiffs' Counsel's Litigation Costs are Reasonable and Were Necessarily Incurred to Prosecute This Matter.**

"Attorneys who create a common fund for the benefit of a class are entitled to be reimbursed for their out-of-pocket expenses incurred in creating the fund so long as the submitted expenses are reasonable, necessary, and directly related to the prosecution of the action." *In re Optical Disk Drive Prods., Antitrust Litig.*, No. 10 MD 2143, 2016 WL 7364803, at *10-11 (N.D. Cal. Dec. 19, 2016).    To be reimbursable, requested costs must be relevant to the litigation and reasonable in amount. *In re Media Vision*, 913 F. Supp at 1366; *cf. In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (holding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).

Pursuant to the terms of the Settlement Agreement, Plaintiff's Counsel is entitled to reimbursement of its attorneys' fees and litigation costs in an amount not to exceed $23,113.85. To date Plaintiffs' counsel has incurred litigation expenses in the amount of $2,195.49. (Exh. B, Stoops Decl. at ¶ 36). The expenses incurred are reflected on the books and records of Plaintiffs' counsel's respective firms and are available for submission to the Court upon request. (*Id.*). All the litigation expenses were reasonable, necessary, and customary for FLSA and state wage and hour collective/class cases. (*Id.*). They were all incurred in the normal course of litigation, directly benefited the Plaintiffs, and added to the overall success of this case. (*Id.*).

18

1   Accordingly, these costs are reimbursable.

2   **CONCLUSION**

3          For the reasons set forth above, Plaintiffs, Monique Dudley and Noreen Costa,

4   respectfully requests that the Court issue an order: (1) approving the $35,000

5   settlement and distribution plan pursuant to the terms set forth in the Settlement

6   Agreement; (2) approving Incentive Awards of $1,500 to each of the Named

7   Plaintiffs; (3) approving attorneys' fees and litigation costs to Plaintiffs' Counsel in

8   the amount of $23,113.85; and, (4) incorporating the terms of the Settlement

9   Agreement.

10

11      Dated:  February 15, 2019              By:  */s/ Kevin J. Stoops*

12                                            Kevin J. Stoops (admitted *pro hac vice*)
                                             Sommers Schwartz, P.C.
13                                            One Towne Square, Suite 1700
                                             Southfield, MI 48076
14                                            Telephone: (248) 355-0300
                                             Facsimile:  (248) 436-8453
15                                            E-mail: kstoops@sommerspc.com

16

17                                            *Attorneys for Named Plaintiff and*
                                             *Collective Members*
18

19

20

21

22

23

24

25

26

27                                    19

28