UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Approval of FLSA Collective Settlement, Named Plaintiff Incentive Awards, and Attorneys' Fees and Costs (Docket No. 52) filed by plaintiffs Monique Dudley and Noreen Costa ("Plaintiffs").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for March 25, 2019 is vacated, and the matter taken off calendar.

**I.  Factual and Procedural Background**

According to the complaint, defendant TrueCoverage LLC ("Defendant") provides over-the-phone sales services for insurance companies.  (Docket No. 7 ¶¶ 2-3, 21.)  Defendant employed insurance agents, including Plaintiffs, in an at-home call center setting.  (Id. ¶¶ 4, 10, 17-18, 21.)  Plaintiffs allege that Defendant improperly classified those agents as independent contractors.  (Id. ¶ 5; see id. ¶¶ 84-128.)  They further allege that Defendant's commission-based payment scheme failed to compensate the agents for all of the time that they worked.  (Id. ¶¶ 6-8, 29, 32-37, 40-41, 59-83.)  Plaintiffs also allege that Defendant failed to pay premium overtime wages; pay minimum wages; and provide the agents with meal and rest periods.  (Id. ¶¶ 42-58.)  Plaintiffs brought this lawsuit as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), asserting claims for failure to pay overtime wages, see id. § 207, and failure to pay minimum wages, see id. § 206.  (Compl. ¶¶ 1, 129-44, 157-78.)  Plaintiffs also sought to represent a class with respect to various claims under the California Labor Code.  (Id. ¶¶ 1, 145-56, 179-238.)

Plaintiffs filed their complaint on May 4, 2018.  On September 28, 2018, the Court conditionally certified an FLSA collective comprising "all current and former At-Home Insurance Agents who work or have worked for [Defendant] at any time after July 19, 2015" (the "Collective").  (Docket No. 41.)  Plaintiffs subsequently dismissed their class-action allegations, and on October 17, 2018, they filed a notice stating that the parties had settled.  (Docket Nos. 43-45.)  On October 18, 2018, the Court directed the parties to file a motion for approval of their settlement after the deadline to opt into the Collective.  (Docket No. 46.)  Plaintiffs filed their motion on February 15, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

**II.     Approval of the Settlement**

The parties' settlement would create a $35,000 settlement fund. (Mot. at 1, 5-6.) Out of that fund, members of the Collective would receive payments equivalent to their actual damages; Plaintiffs would each receive a $1,500 incentive award; and Plaintiffs' counsel would receive $23,113.85 in attorneys' fees and litigation costs. (Id. at 5-6.) Plaintiffs' counsel has notified the members of the Collective of these terms, and none has raised any concerns. (Id. at 6-7.) All members have signed the parties' settlement agreement. (Id. at 6; see Mot. Ex. A at 7-11, Docket No. 52-1.)

"Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court." Kerzich v. County of Tuolumne, 335 F. Supp. 3d 1179, 1183-84 (E.D. Cal. 2018) (collecting cases). "The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. Rather, district courts in this circuit have relied on the standard adopted by the Eleventh Circuit, which considers whether the settlement is a fair and reasonable resolution of a bona fide dispute." Dashiell v. County of Riverside, No. EDCV 15-00211 JGB (SPx), 2018 WL 3629915, at *2 (C.D. Cal. July 19, 2018) (citation omitted); see Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

   **A.     Existence of a Bona Fide Dispute**

"A bona fide dispute exists when there are legitimate questions about 'the existence and extent of [a] [d]efendant's FLSA liability.'" Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 11723 (S.D. Cal. 2016) (quoting Ambrosino v. Home Depot. U.S.A., Inc., No. 11cv1319 L(MDD), 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014)).

Plaintiffs contend that the "proposed Settlement brings to an end vigorously contested litigation." (Mot. at 12.) Plaintiffs identify as areas of dispute the scope of Plaintiffs' claims; whether certification of the Collective was appropriate; whether members performed compensable off-the-clock work; whether members were compensated for all work that they performed; whether members were properly classified as independent contractors; and how to calculate damages. (Id. at 12-13; see Stoops Decl. ¶¶ 19-20, Docket No. 52-2.)

The Court finds that this settlement resolves a bona fide dispute between the parties. For example, the parties have long disputed whether Collective members were independent contractors, as was apparent at the conditional-certification stage. (See Docket Nos. 35, 37; see also Answer, Docket No. 33.) Additionally, Defendant expressly denies liability in the parties' agreement. (Mot. Ex. A at 1-2, 3-4.) Accordingly, this factor weighs in favor of approval. See, e.g., Guinn v. Sugar Transp. of the Nw., Inc., No. 2:16-cv-00325 WBS EFB, 2018 WL 5793432, at *1 (E.D. Cal. Nov. 2, 2018) (noting that the defendant "has not admitted any liability, and the parties continue to disagree about who would prevail at trial"); Jennings v. Open Door Mktg., LLC, No. 15-cv-04080-KAW, 2018 WL 4773057, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

(N.D. Cal. Oct. 3, 2018) (finding a bona fide dispute existed where the parties disputed whether collective members were properly classified as independent contractors).

**B.    Fairness and Reasonableness of the Settlement**

To determine whether a settlement is fair and reasonable, "many courts have adopted a totality of circumstances approach that emphasizes the context of the case and the unique importance of the substantive labor rights involved." Selk, 159 F. Supp. 3d at 1172-73 (citation omitted). "Courts often consider the following factors when evaluating settlements under [the] FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." Dashiell, 2018 WL 3629915, at *3 (citation omitted). "If after considering these factors the court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement." Id. (citation omitted).

      1.    Range of Possible Recovery

"A district court evaluates the plaintiff's range of potential recovery to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims." Selk, 159 F. Supp. 3d at 1174 (citing Daniels v. Aeropostale W., Inc., No. C 12-05755 WHA, 2014 WL 2215708, at *4 (N.D. Cal. May 29, 2014)).

In addition to Plaintiffs, there are three individuals who opted into the Collective. (Docket Nos. 48-50; see also Mot. at 2-3, 5-7.) Pursuant to the settlement agreement, members of the Collective would receive payments ranging between $341.19 and $3,375.40, for a total of $8,886.15. (Mot. at 6, 8; Mot. Ex. A at 2.) Plaintiffs explain that the payments "equate to the full measure of damages [Collective members] are entitled to in connection with the claims asserted in the litigation," with members' payments being "specifically tailored to their regular hourly rate, the number of weeks they worked, and the number of hours they worked." (Mot. at 8, 13; see Stoops Decl. ¶¶ 21-22.) These amounts were determined in "a thorough analysis of the maximum amount of damages" by Plaintiffs' counsel based on Defendant's timekeeping and pay records. (Mot. at 5-7; see Stoops Decl. ¶ 21.)

As each member of the Collective is receiving the full measure of damages to which he or she would have been entitled if successful in this action, this factor weighs in favor of approval.

      2.    Stage of the Proceedings and Amount of Discovery Completed

"The Court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement." Slezak

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

v. City of Palo Alto, No. 16-CV-03224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) (citing Ontiveros v. Zamora, 303 F.R.D. 356, 371 (E.D. Cal. 2014)).

The parties reached a settlement shortly after Defendant filed its Answer. However, Plaintiffs' lead counsel, Kevin Stoops, states in his declaration that the "settlement was the result of arm's-length negotiations, conducted by experienced counsel for all parties, and reached after contested litigation. Prior to settlement, each side independently and thoroughly investigated the claims and defenses at issue. The work performed allowed each party to intelligently, and in good faith, weigh both the risks and benefits of settlement as compared to continued litigation." (Stoops Decl. ¶ 24.)

It appears that sufficient work has been put into this case for the parties to appreciate its merits. This factor therefore weighs in favor of approval.

   3.  Seriousness of the Litigation Risks Faced by the Parties

"This factor favors approving a settlement where 'there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all.'" Slezak, 2017 WL 2688224, at *4 (quoting Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 251 (N.D. Cal. 2015)).

Plaintiffs assert that "[r]ecognizing the uncertain legal and factual issues involved, the Parties reached the settlement pending before the Court after preparing a detailed damage analysis, and negotiating for several months." (Mot. at 13.) Stoops states that continued litigation posed risks and uncertainty, and it "very likely . . . would [have] extend[ed] for another one to two years and cost the parties $100,000 to $250,000 (or more) each in attorneys' fees and expenses." (Stoops Decl. ¶ 20.)

The Court finds that Plaintiffs faced litigation risks, as Defendant's defenses may have reduced or even prevented recovery for the Collective. See, e.g., Leuthold v. Destination Am., No. C-03-1390 VRW, 2005 WL 8162632, at *2 (C.D. Cal. Oct. 26, 2005) ("[T]he court agrees that plaintiffs faced certain litigation risks that could justify the present settlement. For example, the parties disputed whether plaintiffs were employees that were subject to the FLSA or instead independent contractors or exempt employees. And, even if plaintiffs were non-exempt employees, the parties disagreed whether plaintiffs were entitled to compensation for 24 hours per day or instead only for periods when they were actively engaged in work." (citation omitted)). Accordingly, this factor weighs in favor of approval.

   4.  Scope of Any Release Provision in the Settlement Agreement

"Courts review the scope of any release provision in a FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation." Selk, 159 F. Supp. 3d at 1178 (citing Luo v. Zynga, Inc., No. 13-cv-00186 NC, 2014 WL 457742, at *3 (N.D. Cal. Jan. 31, 2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

The parties' settlement agreement provides that

> [e]ach of the Plaintiffs, on behalf of themselves and their heirs, estates, executors, administrators, assigns, transferees, and representatives, releases and forever discharges Company and its predecessors, successors, parents, subsidiaries, affiliates, assigns, and all of its present and former directors, officers, employees, agents, shareholders, members, managers and representatives (collectively "the Defendant Releasees"), from any and all currently pending claims, causes of actions, demands, debts, obligations, damages or liability, and all of the same which could have been brought, regarding any violations alleged in the Lawsuit, including but not limited to allegedly unpaid wages, including those claims, causes of action, demands, debts, obligations, damages or liability arising under the FLSA, 29 U.S.C. §§ 201 et seq., and state wage payment acts, arising from or related to Plaintiffs' services for Defendant. The failure of any opt-in Plaintiff to negotiate his or her settlement checks shall not impact or diminish the enforceability of the release described in this paragraph.

(Mot. Ex. A at 4.) The Court finds that this provision does not weigh against approval of the parties' settlement. See, e.g., Selk, 159 F. Supp. 3d at 1178-79 (approving similarly worded release language and explaining that "[u]nlike release provisions that courts have found to be overly broad, this release provision generally tracks the wage and hour claims asserted in the lawsuit").

5.    Experience and Views of Counsel and the Opinion of Participating Plaintiffs

"In determining whether a settlement is fair and reasonable, '[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases.'" Slezak, 2017 WL 2688224, at *5 (quoting Larsen v. Trader Joe's Co., No. 11-cv-05188-WHO, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014)).

Stoops, who has nearly 15 years of experience litigating employment and other matters, states that "each of the Collective Members is receiving . . . amounts which equate to the full measure of damages they are entitled to in connection with the claims asserted in the litigation. Needless to say, the Settlement is substantial, completely reasonable, and marks a fair compromise of the claims." (Stoops Decl. ¶¶ 3-8, 22.) Stoops further states that "[t]he proposed release by the Collective Members was extensively scrutinized and negotiated by the attorneys involved in this litigation. It represents a fair compromise and constitutes a fair negotiated bargain for release of claims that arise from the facts as alleged in the Complaint." (Id. ¶ 23.) He also states that all Collective members had access to Plaintiffs' counsel and have consented to the release and to the agreement as a whole. (Id.) Stoops "fully endorse[s] this settlement and believe[s] that it is truly in the best interests of all parties." (Id. ¶ 25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

Nothing in the record calls into question counsel's experience or judgment. Additionally, all members of the Collective have been made aware of the terms of the settlement and have signed the settlement agreement. Accordingly, this factor weighs in favor of approval.

      6.      Possibility of Fraud or Collusion

When considering this factor, courts may look for indications that the plaintiffs' counsel "allowed the pursuit of their own self-interests and that of certain class members to infect the negotiation" or for "evidence of more 'subtle signs' of collusion, such as 'when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded.'" Selk, 159 F. Supp. 3d at 1180 (quoting In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011)).

Plaintiffs assert that "[t]he proposed Settlement was the result of extensive pre-suit investigation, review of formal and informal discovery, and substantial arm's-length negotiations between counsel," and that "the Parties reached the settlement pending before the Court after preparing a detailed damage analysis, and negotiating for several months." (Mot. at 13; see Stoops Decl. ¶ 24.)

There is no indication that the settlement was the product of fraud or collusion. Although counsel is receiving a large amount of fees relative to the size of the settlement fund, those fees do not diminish the settlement payments to members of the Collective. See Slezak, 2017 WL 2688224, at *5 ("[C]ounsel is receiving a substantial fee. However, the class is also receiving a significant monetary benefit."); Selk, 159 F. Supp. 3d at 1179-80 ("[T]he amount of the individual settlement payments to be received by opt-in members is based on an analysis of employee time records and an estimate of the degree of under-compensation during the relevant period. This approach guards against the arbitrariness that might suggest collusion." (citation omitted)). This factor therefore weighs in favor of approval.

    **C.**    **Conclusion as to Approval**

The Court finds that the settlement agreement resolves a bona fide dispute between the parties, and its terms are fair and reasonable. The Court therefore approves the parties' settlement.

**III.**    **Named Plaintiff Incentive Awards**

Plaintiffs each seek an incentive award of $1,500. (Mot. at 1, 8; see Mot. Ex. A at 3.) Plaintiffs assert that they "worked diligently to assist Plaintiffs' Counsel in their activities during the pendency of this litigation. In particular, the Named Plaintiffs took part in multiple interviews and discussions with Plaintiffs' Counsel and provided Plaintiffs' Counsel with a substantial number of documents and valuable information and analysis. In total, it is estimated that the Named Plaintiffs each spent approximately 15 to 25 hours in connection with this litigation." (Mot. at 14 (citations omitted); see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

Stoops Decl. ¶ 34.) Plaintiffs contend that the requested incentive awards are "consistent with – indeed, well below – the amount of awards given in comparable cases." (Mot. at 14-15; see Stoops Decl. ¶ 35.)

"A court may exercise its discretion to award an incentive payment to the named plaintiff in a FLSA collective action to compensate him or her for the work completed on behalf of the class." Dashiell, 2018 WL 3629915, at *5 (citing Selk, 159 F. Supp. 3d at 1181; Jones v. Agilsys, Inc., No. C 12-03516, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014)). "In reviewing whether an incentive award is appropriate, the court should consider, among other things, 'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.'" Selk, 159 F. Supp. 3d at 1181 (quoting Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003)).

The Court finds that the requested incentive awards are appropriate in light of Plaintiffs' involvement in this action, the payments that Collective members will receive, and the fact that the awards will not diminish those payments. See Hightower v. JPMorgan Chase Bank, N.A., No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *13 (C.D. Cal. Aug. 4, 2015) (approving incentive awards in class action settlement where awards "[did] not significantly reduce the amount of settlement funds available to the rest of the class").

**IV.     Attorneys' Fees and Costs**

Plaintiffs' counsel seek $23,113.85 in attorneys' fees and costs. (Mot. at 1, 8, 15-19; see Mot. Ex. A at 3.) That amount is what remains of the $35,000 settlement fund after Collective members receive their payments and Plaintiffs receive their incentive awards. Of that amount, $2,195.49 would reimburse litigation costs, and the remaining $20,918.36 would be paid as attorneys' fees. (Mot. at 17-18; see Stoops Decl. ¶¶ 29, 31, 36.) Counsel argue that their request is reasonable "given the complex legal theories presented in the case and the amount of resources expended to investigate, research, and analyze Plaintiffs' claims," including "extensive time . . . drafting pleadings, drafting motions, analyzing extensive pay and time records, compiling a detailed damage analysis, researching, [and] writing." (Mot. at 17.) Counsel assert that the requested fees are only 27.44% of the lodestar amount, which totals $76,223.00. (Id. at 17-18; see Stoops Decl. ¶ 31.) Counsel's lodestar calculation is based on 197 hours of work performed by a partner whose hourly rate is $750; Stoops, whose hourly rate is $580; an associate with over eight years of experience whose hourly rate is $350; and two paralegals whose hourly rate is $175. (Stoops Decl. ¶ 29.) Stoops asserts that these rates are consistent with or lower than the prevailing rates for comparably experienced attorneys in similar cases. (Id. ¶¶ 29-30.)

In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Selk, 159 F. Supp. 3d at 1180 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); and citing 29 U.S.C. § 216(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3760 PA (AGRx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Monique Dudley, et al. v. TrueCoverage LLC | | |

"Typically, attorneys' fees under the FLSA are determined using the lodestar method. . . . Lodestar amounts are presumed to be reasonable." Kerzich, 335 F. Supp. 3d at 1185-86 (collecting cases).

The Court finds that Plaintiffs' counsel's lodestar calculation is reasonable, and the fact that the requested fees award is less than the lodestar amount supports approval. See Trauth v. Spearmint Rhino Cos. Worldwide, Inc., No. EDCV 09-01316-VAP (DTBx), 2012 WL 12893448, at *7 (C.D. Cal. Nov. 7, 2012) (finding similar hourly rates to be reasonable); Goodwin v. Citywide Home Loans, Inc., No. SACV 14-866-JLS (JCGx), 2015 WL 12868143, at *4 (C.D. Cal. Nov. 2, 2015) (fact that requested fees were 60% of the lodestar amount suggested reasonableness). The lack of objections from members of the Collective also supports approval. See Goodwin, 2015 WL 12868143, at *4. While the amount requested is a large portion of the settlement fund, counsel's fees would not reduce the payments to the Collective members. Accordingly, the Court finds the requested attorneys' fees to be reasonable.

Counsel incurred litigation costs for expenses including photocopying, postage, and travel. (Stoops Decl. ¶ 36.) Counsel's expenses are reasonable, and counsel are entitled to reimbursement. See, e.g., Rodriguez v. Danell Custom Harvesting, LLC, 327 F.R.D. 375, 394 (E.D. Cal. 2018) (stating that reasonable expenses may be awarded for "travel, postage, telephone, fax, notice, online legal research fees, mediation fees, filing fees and photocopies").

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Approval of FLSA Collective Settlement, Named Plaintiff Incentive Awards, and Attorneys' Fees and Costs (Docket No. 52) is granted. The Court hereby approves the parties' settlement of this action and the distribution plan embodied in the parties' agreement, including the payment of $1,500 incentive awards to each of Plaintiffs and of $23,113.85 in attorneys' fees and litigation costs to Plaintiffs' counsel. The parties shall file a stipulation to dismiss this action within 10 days of the date of this Order.

IT IS SO ORDERED.